45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Brian L. MARTIN, Petitioner-Appellant,
v.
Robert A. FARLEY and Pamela Carter, Respondents-Appellees.
 No. 93-2611.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994.*
Decided Dec. 27, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Brian Martin, an Indiana state prisoner currently serving a one hundred year sentence for murder and burglary, appeals from the district court's denial of a petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, in which he challenged his subsequent state conviction for attempted escape from the Indiana State Prison. IND.CODE Secs. 35-41-5-1, 35-44-3-5 (1993). Martin was sentenced to an additional eight year term of imprisonment. The Indiana Court of Appeals affirmed the conviction in an unpublished memorandum opinion. Martin v. State, No. 46A03-9012-CR-530 (Ind.Ct.App. Aug. 28, 1991). In April 1992, the Indiana Supreme Court denied Martin's petition to transfer. In this appeal, Martin challenges the sufficiency of the evidence to convict him and argues that the trial court's actions denied him the right to an impartial jury. He also raises a due process claim with respect to the enhancement of his sentence based on allegedly unproven aggravating circumstances. We affirm.
 
 
 2
 When reviewing a state court conviction we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). State court findings of historical facts are presumed to be correct. 28 U.S.C. Sec. 2254(d); see Biskup v. McCaughtry, 20 F.3d 245, 248-49 (7th Cir.1994). The state court of appeals sustained the conviction because the evidence showed that "Martin was found hiding in a truck that had transported food into the maximum security area of the prison where he was incarcerated and that was then leaving the guarded area." In addition, trial testimony indicated that Martin made comments to other prisoners as he was escorted to the guard hall such as "You can't blame me for trying" and "I didn't have anything to lose." Although Martin directs us to other pieces of evidence demonstrating his lack of intent to escape, we will not reassess the credibility of witnesses or reweigh the evidence where the state court's factual findings are fairly supported by the record. Marshall v. Lonberger, 459 U.S. 422, 433-34 (1983). The evidence was sufficient to convict Martin of attempted escape.
 
 
 3
 Next, Martin contends that the trial judge's questioning of him after he testified in his own defense prejudiced the jury. Although the state appellate court questioned the appropriateness of the trial judge's conduct, it deemed the issue waived because Martin failed to object at trial. When a state court does not reach a federal constitutional issue because of its reliance on a state procedural rule, we are precluded from reviewing the matter absent a showing of cause for the default and prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Willis v. Aiken, 8 F.3d 556, 561 (7th Cir.1993), cert. denied, 114 S.Ct. 1371 (1994). The state appellate court denied Martin relief on this issue based solely upon Indiana's contemporaneous objection rule; thus, its decision rested on an "independent and adequate state ground." See Coleman, 501 U.S. at 740. Because the petitioner has made no attempt to establish cause and prejudice, we decline to review this claim.
 
 
 4
 Martin also argues that the trial court violated his right to an impartial jury when it failed to dismiss a biased juror, or, alternatively, grant a mistrial. According to the state court's factual findings, one juror remained in the jury room during a lunch recess and overheard Martin, who was in a holding cell, arguing with a correctional officer because his lunch contained pork. Martin was Jewish and his religious faith did not permit him to eat pork. Martin claims that he was upset because the correctional officer knew him personally and was allegedly aware that he could not eat the contents of his lunch. After the court reconvened, the juror was asked whether she could still remain a fair and impartial juror, and she replied, "I don't really think I could be fair." (Tr. at 108-09). Although the court admonished her of her responsibility to make a decision based solely on the evidence, her response, "Um-um," is ambiguous. (Tr. at 109). The trial court allowed her to remain on the jury. The state court of appeals rejected Martin's claim that he was denied his right to an impartial jury, holding that this right does not extend to those situations where the defendant has created "his own cause for mistrial." See Avant v. State, 528 N.E.2d 74 (Ind.1988).
 
 
 5
 The constitutional right to an impartial jury is not absolute and may be forfeited where the defendant's own misconduct is the cause of a juror's partiality. United States v. Harris, 2 F.3d 1452, 1456 (7th Cir.), cert. denied, 114 S.Ct. 481 (1993). In United States v. Chaussee, for example, we affirmed the district court's refusal to grant a mistrial after the defendant attempted to escape during the court proceedings because "[t]o allow a defendant by his own misconduct to terminate his trial even temporarily would be to allow him to profit from his own wrong." 536 F.2d 637, 641 (7th Cir.1976).
 
 
 6
 The state appellate court found that Martin created the cause for his motion for mistrial. Although Martin argues that he was unaware of the juror's presence because the court was in recess and the judge and the jurors should have left for lunch,[1] we are unconvinced that Martin cannot be held responsible for his behavior simply because court was not in session and he was not in the presence of a juror.
 
 
 7
 Our decision in Chaussee evolved out of practical concerns for the trial court's ability to control the progress of legal proceedings and to avoid a situation where the defendant could disrupt a trial. Justice Brennan, in his concurring opinion in Illinois v. Allen, 397 U.S. 337, 349 (1970) (quoting Falk v. United States, 15 App.D.C. 446 (1899)), recognized this problem as well:
 
 
 8
 The question is one of broad public policy, whether an accused person, placed upon trial for crime and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty.
 
 
 9
 Although a court may be in recess, the trial is still in progress. The jurors are asked to refrain from speaking to anyone about the case. Likewise, it is not unreasonable to require a defendant such as Martin to refrain from any behavior that could disrupt unnecessarily the court proceedings. "The Constitution would protect none of us if it prevented the courts from acting to preserve the very processes that the Constitution itself prescribes." Allen, 397 U.S. at 350 (Brennan, J., concurring). The trial court attempted to eliminate any bias by admonishing the juror to consider only the evidence presented at trial. See Chaussee, 536 F.2d at 641 (trial court "remains under a burden to use all reasonable means under the circumstances to insure a fair trial"). Although in hindsight it might have been wiser to substitute the juror with an alternate if one was available, we find no constitutional error in the trial court's failure to grant a mistrial.
 
 
 10
 Martin's claim that the trial court denied him due process at sentencing by improperly enhancing his sentence due to aggravating circumstances was not presented to the federal district court. Accordingly, this issue is waived. Drake v. Clark, 14 F.3d 351, 355 (7th Cir.1994).
 
 
 11
 For the foregoing reasons, the district court's decision denying Martin's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although the judge excused the jurors for lunch, he never expressly forbade them from remaining in the courtroom